IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02437-KLM

JON SYKES, and
LYNNE WILLIAMS-SYKES,

    Plaintiffs,

v.

LIVANOVA DEUTSCHLAND GMBH, and
SORIN GROUP USA, INC., a Colorado corporation,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay Pending MDL Transfer Decision** [#13][1] (the "Motion"). The parties represent that this matter is set for a hearing on January 25, 2018, before the United States Judicial Panel on Multidistrict Litigation (the "JPML") on the issue of whether to transfer this case to the District of South Carolina. *Motion* [#13] at 2. The parties seek a temporary stay of all proceedings until the JPML rules on the motion to consolidate and transfer this case. *Id.* at 3. For the following reasons, the Motion [#13] is **GRANTED**.

Although a stay of proceedings in a case is generally disfavored, a stay may be appropriate if an entire action could be resolved. *See Wason Ranch Corp. v. Hecla Mining*

---

[1] "[#13]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

*Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action"); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)). Additionally, "[a]s a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)).

When exercising its discretion, the Court considers the following factors: (1) the

interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

With respect to the first and second factors, staying discovery would apparently not prejudice or impose a burden on any party, as they jointly request the stay. The Court therefore finds that the first and second *String Cheese Incident* factors weigh in favor of a stay.

With respect to the third factor, a stay of discovery would conserve the Court's time and resources. It is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed in this jurisdiction. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"). Furthermore, the parties have only requested a temporary stay until the JPML rules on the motion to transfer and consolidate. *Motion* [#13] at 3. The Court therefore finds that the third *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With respect to the fourth factor, there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With respect to the fifth and final factor, the Court finds that the public's only interest

in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that a temporary stay of discovery while the parties await resolution of the motion pending before the JPML is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED**. Discovery in this case is **STAYED until resolution of the motion pending before the JPML**. The parties shall file a Notice with the Court **within 10 days** of the issuance of a decision by the JPML.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 31, 2018, at 9:30 a.m. and all related deadlines are **VACATED**.

DATED: January 4, 2018 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge